UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

J&J Sports Productions, Inc.
2380 South Bascom Avenue, Suite 200
Campbell, CA 95008

    Plaintiff

vs.

Shiva Foods, Inc. t/a Stone Fish Grill t/a
Stone Fish Restaurant and Bar
880 Capital Center Boulevard
Largo, MD 20774

  SERVE ON RESIDENT AGENT:
  Errol D'Souza
  20209 Darlington Drive
  Montgomery Village, MD 20886

    Defendant

Case No.

## COMPLAINT

J&J Sports Productions, Inc., Plaintiff, by Kind & Dashoff, LLC, Richard M. Kind, Esquire, Amy Keller, Esquire and Erica M. Cook, Esquire, and for its Complaint herein alleges as follows:

## JURISDICTION

1.    Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. 605, et seq., and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. Section 553, et seq.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial distributor of the televised fight program hereinafter set forth at length. The Defendant's wrongful acts consisted of the interception and tortuous conversion of said property of Plaintiff within the control of the Plaintiff in the State of Maryland.

## VENUE

4. Pursuant to 47 U.S.C. Section 605, venue is proper in the District of Maryland, Greenbelt Division because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. The Plaintiff, J&J Sports Productions, Inc., is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, CA 95008.

6. Plaintiff is informed and believes, and alleges thereon that Defendant, Shiva Foods, Inc. t/a Stone Fish Grill t/a Stone Fish Restaurant and Bar, is a business entity, having its principal place of business at 880 Capital Center Boulevard, Largo, MD 20774.

## COUNT I
### (Violation of 47 U.S.C. Section 605)

7. Plaintiff, J&J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-6, inclusive, as though set forth herein at length.

8. By contract, Plaintiff, J&J Sports Productions, Inc., paid for and was thereafter granted the exclusive nationwide television distribution rights to the *Manny Pacquiao v. Timothy Bradley, WBO Welterweight Championship Fight Program* which telecast nationwide on Saturday, June 9, 2012, (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

9. Pursuant to contract, Plaintiff, J&J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Maryland, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

10. As a commercial distributor of sporting events, including the Program, Plaintiff, J&J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

11. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named Defendant and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the Defendant were done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

12. Attached hereto is an Affidavit from an investigator with Taylor & Associates who observed the unlawful exhibition of Plaintiff's Program at the Defendant's commercial establishment.

13. That attached hereto is copy of webpage from the Maryland Department of Assessments and Taxation setting forth that Shiva Foods Inc. is a valid Maryland corporation.

14. 47 U.S.C. Section 605, et seq., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff, J&J Sports Productions, Inc., had the distribution rights thereto).

15. By reason of the aforesaid mentioned conduct, the aforementioned Defendant, and each of them, violated 47 U.S.C. Section 605, et seq.

16. By reason of the Defendant's violation of 47 U.S.C. Section 605, et seq., Plaintiff, J&J Sports Productions, Inc., has the private right of action pursuant to 47 U.S.C. Section 605.

17. As the result of the aforementioned Defendant's violation of 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, J&J Sports Productions, Inc., is entitled to the following from each Defendant:

(a) Statutory damages for each violation in an amount to $10,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(i)(II), and also

(b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(ii), and also

(c) the recovery of full costs, including reasonable attorneys fees, pursuant to 47 U.S.C. Section 605(e)(3)(B)(iii).

WHEREFORE, plaintiff prays for judgment as set forth below.

### COUNT II

### (Violation of 47 U.S.C. Section 553)

18. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

19. The unauthorized interception, exhibition, publication, and divulgence of the Program by each of the above named Defendant are prohibited by 47 U.S.C. Section 553 et seq.

20. By reason of the aforesaid mentioned conduct, the aforementioned Defendant, and each of them, violated 47 U.S.C. Section 553, et seq.

21. By reason of the Defendant's violation of 47 U.S.C. Section 553, et seq., Plaintiff, J&J Sports Productions, Inc., has the private right of action pursuant to 47 U.S.C. Section 553.

22. As the result of the aforementioned Defendant's violation of 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff, J&J Sports Productions, Inc., is entitled to the following from each Defendant:

(a) Statutory damages for each violation in amount to $10,000

pursuant to 47 U.S.C. Section 553(c) (3)(A)(ii), and also

(b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to 47 U.S.C. 553 (c)(3)(B), and also

(c) the recovery of full costs pursuant to 47 U.S.C. Section 553 (c)(2)(C), and also

(d) and in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to 47 U.S.C. Section 553 (c)(2)(C).

WHEREFORE, plaintiff prays for judgment as set forth below.

### COUNT III

#### (Conversion)

23. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-22, inclusive, as though set forth herein at length.

24. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned Defendant, and each of them, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

25. The aforesaid acts of each the Defendant were willful, malicious, and intentionally designed to harm Plaintiff, J&J Sports Productions, Inc., and to subject said Plaintiff to economic distress.

26. Accordingly, Plaintiff, J&J Sports Productions, Inc., is entitled to both compensatory, as well as punitive damages, from each of the aforementioned Defendant as the result of the Defendant's egregious conduct and conversion.

WHEREFORE, plaintiff prays for judgment as set forth below.

**As to the First Count:**

1. For statutory damages in the amount of $100,000.00 against Defendant, and each of them, and
2. For reasonable attorney fees pursuant to statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $50,000.00 against Defendant, and each of them, and;
2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against Defendant, and each of them, and;
2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Dated: 6-24-14

_____
**LAW OFFICES OF KIND & DASHOFF, LLC**
By: Richard M. Kind, Esquire     00189
Attorneys for Plaintiff
J&J Sports Productions, Inc.

_____
**LAW OFFICES OF KIND & DASHOFF, LLC**
By: Amy Keller, Esquire     29227
Attorneys for Plaintiff
J&J Sports Productions, Inc.

_____
**LAW OFFICES OF KIND & DASHOFF, LLC**
By: Erica M. Cook, Esquire     29772
Attorneys for Plaintiff
J&J Sports Productions, Inc.